## REQUEST FOR COURT ACTION / DIRECTION

TO:      Hon. Gerard E. Lynch      OFFENSE: Counts 1, 3 -6: Conspiracy to Commit
            U.S. District Judge        Robberies, (18 USC 1951), Class C Felonies.

                                    Count 2: Brandishing of a Firearm During a Crime of
                                    Violence, (18 USC 924(c)(1)(A)(ii), a Class A
                                    Felony.

                                    ORIGINAL SENTENCE: Seventy eight (78) months
                                    in federal custody followed by three (3) years of
                                    supervised release.

FROM:    Michael F. Wasmer        SPEC. CONDITIONS: The defendant shall comply
            U.S. Probation Officer      with all lawful directives of the immigration
                                      authorities. $600 special assessment.

                                    AUSA: Leslie C. Brown/Benjamin Gruenstein

RE:       Xiao Qin Zhou
            Docket# S2 02CR.00271-01
                (GEL)

DATE OF SENTENCE: November 9, 2007     MED: November 18, 2010

DATE:      November 17, 2008

ATTACHMENTS:    PSI  X       JUDGMENT  X  PREVIOUS REPORTS ___
                       VIOLATION  PETITION  X

REQUEST FOR:    WARRANT X    SUMMON ___   COURT DIRECTION___

---

### REQUEST FOR A WARRANT

**Custody Status**

At this time the offender remains in  the custody of the Bureau of Prisons as a result of being
arrested on November 5, 2008. On that date Zhou was charged by the New York City Police
Department with a  gang related robbery. The Manhattan District Attorney's Office indicates
Zhou was subsequently charged with extortion by the Federal Bureau of Investigation on
November 11, 2008 while in the custody of the New York City Department of Corrections, at
which time he was transferred into federal custody.

NY 466

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/1/08

-2-

ZHOU Xiao Qin                                                        P.35606

The district attorney's office plans on filing a motion to have their case dismissed once the new charges are adjudicated in federal court.

We would respectfully request that a warrant be issued in order to produce him before Your Honor in order to address the violation charges.

Supervision Adjustment

Zhou was originally released from custody on June 30, 2008. At that time he began community supervision in our district. Zhou initially reported to our office as instructed and was reportedly employed by New Creative Direct Mail located in the vicinity of Allen Street in New York City. He indicated he was employed on a full time basis as a mover earning approximately $1,500 a month.

The $600 special assessment has been satisfied.

**Violation Circumstances**

1.      ON OR ABOUT NOVEMBER 5, 2008 IN NEW YORK COUNTY, NY THE RELEASEE COMMITTED A STATE CRIME, ROBBERY 2ND DEGREE, IN VIOLATION OF NEW YORK STATE PENAL LAW 160-10. **(MANDATED CONDITION) (GRADE A VIOLATION)**

2.      ON OR ABOUT NOVEMBER 5, 2008 IN NEW YORK COUNTY, NY THE RELEASEE COMMITTED A STATE CRIME, ASSAULT 3RD. DEGREE , IN VIOLATION OF NEW YORK STATE PENAL LAW 120.00. **(MANDATED CONDITION) (GRADE C VIOLATION)**

On the above date Zhou and eight (8) other individuals surrounded Ji Long Chen while he was walking in the vicinity of East Broadway and Pike Street in New York City. Ji Long Chen was assaulted with a screw driver by one of the defendants named in the indictment.

NY 466

ZHOU, Xiao Qin                                                              P.35606

## COURT STATUS IN OTHER JURISDICTIONS

Zhou was arrested by the New York City Police Department on November 5, 2008. He has been charged with Robbery - 2nd Degree, in violation of New York State Penal Law 160.10, a Class C Felony as well as Assault - 3rd Degree, in violation of New York State Penal Law 120.00, a Class A Misdemeanor. Police report that Zhou along with a group of other individuals approached Ji Long Chen and robbed him by threatening him with a screw driver. The charges are pending in New York Criminal Court under docket number 2008NY082359 . However, on November 10, 2008 the offender was subsequently charged with extortion by the Federal Bureau Investigation.

A check with the FBI reveals an outstanding warrant for Zhou, who failed to appear in Atlanta Georgia Criminal Court on January 20, 1999. Zhou had initially been charged with simple battery by the Fulton County Sheriffs Office on November 3, 1998.

Based upon the offender's most recent criminal conduct, an administrative warrant will be filed as a detainer by the U.S. Department of Homeland Security, Immigration and Customs Enforcement (ICE) resulting in the initiation of deportation proceedings.

## CHAPTER SEVEN GUIDELINES CONSIDERATIONS/STATUTORY LIMITATIONS

Although the Court is required to consider Chapter Seven, as it is a policy statement, it is not binding.

Section 7B1.1(a)(1) and (3) indicates that the violation of supervised release specifications are Grade A and C violations. According to 7B1.3(a)(1) upon a finding of a Class A or B violation, the Court shall revoke probation or supervised release.

As the defendant was originally convicted of a Class A Felony(s) he may be required by statute 18 USC 3583 (e)(3), to be re-sentenced to a period of incarceration not to exceed five years. If the Court sentences the defendant to a period of confinement, the Court may impose a term of supervised release. There are circumstances when the Court is required by statute to impose a term of supervised release.

Pursuant to 18 USC 3583(h), if the term of supervised release is revoked and the term of imprisonment imposed is less the maximum 5 years, supervised release can be reimposed as authorized under the original offense, less any term of imprisonment that was imposed upon revocation of supervised release.

NY 466

-4-

ZHOU, Xiao Qin                                                    P.35606

Section 7B1.4(a) includes a Revocation Table, which when matched with Zhou's (original)
Criminal History Category of I, provides the following range of
imprisonment applicable upon revocation.

| Specifications | Violation Grade | Revocation Range (Based upon a Criminal History Category of I.) |
|---|---|---|
| 1 | A | Guideline Range: 24 to 30 months |
| 2 | C | Guideline Range: 3 to 9 months |
|  |  | Statutory Range: Not more than five (5) years |

**Recommendation**

At this time we would respectfully request that the Court accept this violation of supervised
release report.

Zhou's supervision adjustment has been unsatisfactory. He remains a threat to the community
based upon his most recent criminal conduct as outlined above. There is also a 1999 outstanding
failure to appear warrant for this offender in connection with when he was charged with simple
battery by the Fulton County Georgia Sheriffs Office in 1998. This offender will face deportation
proceedings upon ICE filing an administrative warrant as a detainer.

At this time we are respectfully recommending that Your Honor proceed with the issuance of a
warrant so that the offender may be brought before the Court to answer the specifications filed in
this report.

NY 466

-5-

ZHOU, Xiao Qin                                                                P.35606

Should the Court grant our request to initiate violation action, this memorandum will be
disclosed to the offender, defense counsel, and the Government, unless Your Honor directs
otherwise.

Respectfully submitted,

Chris J. Stanton
Chief US Probation Officer

by: _Michel F. Wasmer_

Michael F. Wasmer
US Probation Officer
(212) 805-5160

Approved,

_____  11.17.08
Victor W. Jeffrey            Date
Supervising US Probation Officer

NY 466

-6-

## United States District Court
### for the
### Southern District of New York

### Petition for Warrant or Summons for Offender Under Supervision

Offender: Xiai Qin Zhou                    Docket Number: S2 02CR.00271-01 (GEL)

Sentencing Judge: Gerard E. Lynch, US District Judge

Date of Original Sentence:    November 9, 2007

Original Offense:    Counts 1, 3 - 6: Conspiracy to Commit Robberies, (18 USC 1951), Class C
                     Felonies.

                     Count 2: Brandishing of a Firearm During a Crime of Violence, (18 USC
                     924(c)(1)(A)(ii), a Class A Felony.

Original Sentence:    Seventy eight (78) months in federal custody followed by three (3) years of
                      supervised release.

Type of Supervision:    Supervised Release      Supervision Commenced:    June 30, 2008

Asst. U.S. Attorney:    Leslie C. Brown          Defense Attorney: John J. Byrnes
                        Benjamin Gruenstein

---

### PETITIONING THE COURT

[X]    To issue a warrant
[ ]    To issue a summons

The probation officer believes that the offender has violated the following condition(s) of
supervision:

Violation
 Number          Nature of Noncompliance

1.         ON OR ABOUT  NOVEMBER 5, 2008  IN NEW YORK, NY THE RELEASEE
           COMMITTED A STATE CRIME, ROBBERY - 2ND DEGREE, IN VIOLATION
           OF NEW YORK STATE PENAL LAW 160-10.
           **(MANDATED CONDITION) (GRADE A VIOLATION)**

NY 466

-7-

ZHOU, Xiao Qin                                                                    P.35606

2.    ON OR ABOUT NOVEMBER 5, 2008 IN NEW YORK COUNTY, NY THE
      RELEASEE COMMITTED A STATE CRIME, ASSAULT 3RD. DEGREE , IN
      VIOLATION OF NEW YORK STATE PENAL LAW 120.00.
      **(MANDATED CONDITION) (GRADE C VIOLATION)**

U.S. Probation Officer Recommendation:

      The term of supervision should be:

            [X]    Revoked
            [ ]    Extended for  year(s), for a total term of  years.

      The conditions of supervision should be modified as follows:

                                                          Respectfully submitted,
                                          by              *Mike F. Wasmer*
                                                          Michael F. Wasmer
                                                          U.S. Probation Officer
                                                          (212) 805-5160

Approved By:

*[signature]*                11·17·08
Victor W. Jeffrey            Date
Supervising U.S. Probation Officer

NY 466

-8-

THE COURT ORDERS

[  ]   No Action
[✓]   The Issuance of a Warrant
[  ]   The Issuance of a Summons
[  ]   Other

Signature of Judicial Officer

Date   1/20/08

## TO BE COMPLETED SHOULD THE COURT ORDER THE ISSUANCE OF A SUMMONS

Date: _____

Time: _____

Place: _____

NY 466